UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLOIRDA
(FT. MYERS DIVISION)

**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**

    Plaintiff,

v.

**REDLANDS CHRISTIAN MIGRANT ASSOCIATION INC.,**
    Defendant.
_____/

CASE NO. 2:19 cv 00491

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE CLAIM FOR ATTORNEY'S FEES AND SUPPORTING MEMORANDUM OF LAW

Defendant, REDLANDS CHRISTIAN MIGRANT ASSOCIATION, Inc. (hereinafter referred to as "Redlands") by and through their undersigned counsel and pursuant to Rule 3.01 of the Local Rules of the Middle District of Florida, hereby file this Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Supporting Memorandum of Law.

Pursuant to Federal Rules of Civil Procedure 12(b)(5) the Complaint must be dismissed for insufficient service of process. In the alternative pursuant to Federal Rule of Civil Procedure 12(e), Plaintiff must amend the Complaint to provide a more definite statement. The grounds upon which such motion is based and the substantial matters of law to be argued are as follows:

1. Plaintiff failed to serve the Complaint on Defendant within the ninety (90) days required by Federal Rules of Civil Procedure 4(m).

2. Plaintiff must provide Defendant with a more definite statement as Plaintiff's Complaint is so vague or ambiguous that Defendant cannot reasonably be expected to file a response.

3. Plaintiff's request for attorney's fees is not supported by Federal Rules of Civil Procedure 54(d)(2).

For these reasons, and those set forth below, the Complaint must be dismissed, or in the alternative, Plaintiff must amend the Complaint to provide a more definite statement, and strike the claim for attorney's fees.

**Procedural History**

1. On September 7, 2018, Plaintiff filed a Complaint against Defendant in this Court. (Case No.: 2:18-cv-601, DE 1).

2. On September 18, 2018, the Court set a deadline of December 2, 2018 for Plaintiff to file its Certificate of interested persons and corporate disclosure, and Notice of pendency of other actions. (Case No.: 2:18-cv-601, DE 5 and DE 6).

3. On November 8, 2018, Defendant filed its Answer, Affirmative Defenses, Motion for a More Definite Statement, Motion to Strike and Counter Claim. (Case No.: 2:18-cv-601, DE 9), and Certificate of interested persons and corporate disclosure. (Case No.: 2:18-cv-601, DE 10).

4. On December 3, 2018, this Court entered an Order for Plaintiff to respond to the motions within seven (7) days of the Order, and to Show Cause why a default should not be entered against Plaintiff on Defendant's Counter Claim. (Case No.: 2:18-cv-601, DE 11)

5. On December 11, 2018 this Court entered an Order directing the Clerk to issue a default against Plaintiff as to the Counter Claim. (Case No.: 2:18-cv-601, DE 12).

6. The Clerk entered a default against Plaintiff on December 12, 2018. (Case No.: 2:18-cv-601, DE 13)

7. One day after the Default was entered, on December 13, 2018, Plaintiff filed a Motion to Set Aside Default. (Case No.: 2:18-cv-601, DE 14).

8. On December 28, 2018, the Court entered an order granting Plaintiff's Motion to Set Aside Default, and stated that within seven (7) days, Plaintiff shall file its Certificate of Interested Parties, Motion to Strike Defensive Pleadings, Reply to Affirmative Defenses, and Motion for More Definite Statements. (Case No.: 2:18-cv-601, DE 15).

9. On January 14, 2019, the Court entered an Order to Show Cause, stating that within seven (7) days of the Order, Plaintiff shall show good cause why sanctions should not be entered against it for failing to comply with the December 28, 2018 Order. (Case No.: 2:18-cv-601, DE 16).

10. On January 23, 2019, the Court entered an Order, affording Plaintiff one final opportunity to comply with the December 28, 2018 Order, and the January 14, 2019 Order to Show Cause. Failure to comply on or before February 6, 2019 would result in a default being entered as to Defendant's Counterclaim, along with any other appropriate sanctions. (Case No.: 2:18-cv-601, DE 17).

11. On February 6, 2019, Plaintiff filed the necessary documents required by the January 23, 2019 Order. (Case No.: 2:18-cv-601, DE 18-21).

12. On February 21, 2019, the Court entered an Order directing the parties to respond to the opposing pending motions within fourteen (14) days. (Case No.: 2:18-cv-601, DE 23).

13. On March 5, 2019, Defendant filed its responses to the pending motions against it. (Case No.: 2:18-cv-601, DE 24-25)

14. On April 1, 2019, the Court entered an Order directing Plaintiff to file a response to Defendant's Motion for More Definite Statement and Motion to Strike Plaintiff's Attorney Fee Claim From Complaint within fourteen (14) days. (Case No.: 2:18-cv-601, DE 29).

15. On April 1, 2019, the Court also entered an Order to Show Cause by written response filed within fourteen (14) days why the case should not be dismissed pursuant to Local Rule 3.10(a) for lack of prosecution due to the non-filing of a Case Management Report within the time prescribed by Local Rule 3.05(c)(2)(B). (Case No.: 2:18-cv-601, DE 30).

16. On April 16, 2019, the Court entered an Order to Show Cause, stating that Plaintiff failed to respond to the April 1, 2019 Order to Show Cause, and ordering that Plaintiff shall show cause within seven (7) days why the case should not be dismissed. Failure to respond to this Order to Show Cause will result in the dismissal of the case without prejudice. (Case No.: 2:18-cv-601, DE 31).

17. On April 18, 2019, Plaintiff filed its response to Defendant's Motion for More Definite Statement. (Case No.: 2:18-cv-601, DE 32).

18. On April 25, 2019, the Court entered an Order dismissing the case without prejudice for Plaintiff's failure to respond to the April 16, 2019 Order to Show Cause. (Case No.: 2:18-cv-601, DE 33).

19. Following the dismissal without prejudice of the prior case, Plaintiff refiled the substantially identical Complaint in the instant case on July 17, 2019. (Case No.: 2:19-cv-491, DE 1)[1].

20. On September 4, 2019, the Court entered the Related Case Order and Notice of designation under Local Rule 3.05, setting a deadline to file Notice of Pendency of Other Actions by September 18, 2019. (Case No.: 2:19-cv-491, DE 5).

21. On September 4, 2019, the Court entered the Interested Persons Order, requiring the filing of the Certificate of Interested Persons and Corporate Disclosure by September 18, 2019. (Case No.: 2:19-cv-491, DE 6).

22. On October 11, 2019, Plaintiff filed its Certificate of Interested Persons. This was later amended to correct a scrivener's error on October 16, 2019. (Case No.: 2:19-cv-491, DE 7).

## MEMORANDUM OF LAW

I. **Motion to Dismiss – Untimely service of Process**

    a. **Law as to untimely service of Process**

1. Fed. R. Civ. P. 4(c) sets forth the requirements for proper service of a summons and complaint. Section (4)(c)(1) of the Rule provides that it is the Plaintiff's responsibility to ensure that the summons and complaint are served within the time allowed by Rule 4(m).

2. Fed. R. Civ. P. 4(m) provides that, "if a defendant is not served within 90 days after the complaint is filed, the Court—on a motion or on its own after notice to the plaintiff— must dismiss the action

---

[1] When comparing the two Complaints, the Complaints were identical other than a few apparent scrivener's errors that were corrected.

without prejudice against that defendant or order that service be made within a specified time." "Under the law, it is the plaintiff's burden to show proper service of the complaint."*Melchor- Garcia v. Don Ying Corp.,* No. 12-22217-CIV, 2012 WL 6553986 * 1 (S.D. Fla. 2012).  Further, "the service requirement is not satisfied merely because the defendant is aware that he has been named in the lawsuit or has received a copy of the summons and Complaint." *Id.* (quoting *United States v. Ligas,* 549 F.3d 498, 500 (7th Cir. 2008)).

3.      If the Plaintiff demonstrates there is good cause for failure to serve the defendant within the appropriate time period, however, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4 (m).  "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Nelson v. Barden*, 145 Fed. App'x. 303, 309 (11th Cir. 2005) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991)).

      b. **Argument as to Untimely Service of Process**

To fully understand Plaintiff's lack of respect for deadlines imposed by Rule or by the Court, it is necessary to review the procedural history of this matter in its entirety.  In September 2018, Plaintiff initially filed the substantially identical claim[2] in this Court. (Case No.: 2:18-cv-00601 DE 1).  That case was ultimately dismissed without prejudice, and essentially refiled as the instant action.  During the approximately seven months the initial case remained active, Magistrate Judge Mac R. McCoy entered numerous Orders specifically addressing Plaintiff's failure to timely file documents with the Court. Orders related to Plaintiff's untimely filing were entered on 12/3/2018, 12/11/2018, 1/14/2019, 1/23/2019, 2/21/2019, 4/1/2019, 4/16/2019, and finally the dismissal on 4/25/2019.  Plaintiff's constant failure to respect and abide by the deadlines imposed by the Federal Rules of Civil Procedure and by Court order resulted in an Entry of

---

[2] When comparing the two Complaints, the Complaints were identical other than a few apparent scrivener's errors that were corrected.

Default as to Defendant's Counter Claim[3], as well as the ultimate dismissal without prejudice of the entire claim.

Based on the procedural history of this matter, it is unsurprising that in the instant case, the Plaintiff failed to comply with Fed. R. Civ. P. 4(m) to serve the Complaint within ninety (90) days. The Defendant was not served a copy of the Summons and the Complaint until November 13, 2019; 119 days after the original Complaint was filed. Plaintiff has not filed anything to indicate that there is good cause for failure to serve Defendant a copy of the Complaint and Summons by the ninety (90) day deadline. There is no indication that Plaintiff relied on faulty advice. Defendant has not been avoiding service at any time. Failure to timely serve Defendant is a result of Plaintiff's own negligence. No "good cause" exists, as defined by the Eleventh Circuit, for Plaintiff's failure to comply with the timelines prescribed in the Federal Rules of Civil Procedure.

Plaintiff continues to habitually flout and ignore any deadline imposed by Rule or the Court, and in addition to failing to timely serve Defendant, failed to timely file its Certificate of Interested Parties, and Notice of Pendency of Other Actions as directed by the Court in this action.

WHEREFORE, Defendant, Redlands, respectfully requests this Court dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5).

## II.   Motion for More Definite Statement

### a. Law as to Motion for More Definite Statement

1. Federal Rule of Civil Procedure 12 (e) Motion for a More Definite Statement reads:
A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably be expected to file a response. *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441, 1442-1443 (M.D. Fla. 1993).

---

[3] Clerk's Default was set aside on December 28, 2018 after a Motion by Plaintiff.

2. In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure 8(a)(2-3), which requires, if jurisdiction is not at issue, a short and plain statement showing the pleader is entitled to relief and a demand for the relief sought, which may include alternative or different types of relief. A complaint is not required to prove the Plaintiff's entire case, but it should possess enough heft to set forth a plausible entitlement to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Circ. 2007).

3. To state a claim for breach of contract in Florida, the Plaintiff must plead the existence of a contract, a material breach, and damages. *Mancini Enters. Inc. v. Am. Exp. Co.,* 236 F.R.D. 695, 698 (S.D.Fla 2006).

4. To state a claim for unjust enrichment, the elements required are:

   a. Plaintiff has conferred a benefit on the defendant who has knowledge thereof;

   b. Defendant voluntarily accepts and retains the benefit conferred;

   c. circumstances are such it would be inequitable for the defendant to retain the benefit without paying for it. *Hillman v. Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994).

5. Threadbare recitals of a cause of action's elements should not be supported by mere conclusory statements but by factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

    b. **Argument as to More Definite Statement**

In its complaint, Wausau claims that it is owed $503,839.00 in retrospective premiums. However, Wausau has not provided Redlands any factual or legal basis for the Defendant, Redlands, to ascertain the basis for which retrospective premiums are allegedly owed to Wausau, nor how that amount was calculated and the method in which Wausau concluded it was owed that specific amount. Thus, the allegation contained in the Complaint are so vague and ambiguous that Redlands cannot

reasonably be expected to file a response.

Wausau's breach of contract claim in Count I and unjust enrichment claim in Count II of its Complaint merely provide conclusory statements to support each cause of actions' elements and do not provide sufficient factual allegations to support each of the claims or to allow Redlands to prepare an appropriate response to the Complaint without such factual allegations.  Redlands is in need of a more definite statement concerning the calculation of retrospective premiums, the manner in which it reached that conclusion, and the factual allegations which support the alleged Breach of Contract and Unjust Enrichment claims.

WHEREFORE based upon the foregoing, Defendant, Redlands, respectfully requests this Honorable Court to enter an order granting the Motion and requiring Plaintiff, Wausau, to provide Redlands with a more definite statement or any other relief this Honorable Court deems just and proper.

**III.    Motion to Strike Attorney Fee Claim**

      **a. Law as to Motion to Strike Attorney Fee Claim**

1. Federal Rule of Civil Procedure 12 (f) Motion to Strike reads:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

2. Federal Rule of Civil Procedure 54(d)(2) regarding Attorney Fees and Costs cited by the Plaintiff in its Complaint as a basis for fees reads as follows:

A claim for attorney fees and related non-taxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.  Further, unless a statute or court order provides otherwise, the motion must be filed not later than 14 days after the entry of a judgment, specify the judgement and the statute, rule or other ground entitling movant to the award, state the amount or a fair estimate of it, and disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

### b. Argument as to Motion to Strike Attorney Fee Claim

In its claim for attorney fees against Redlands as contained in paragraph 17 of Count 2 of its Complaint, Wausau cites FRCP 54 as a basis for its fee claim against Redlands. FRCP 54 states that a claim for fees must be filed via a Motion not later than14 days after the entry of a judgement. Wausau's fee claim is not in Motion form nor has a judgment been rendered in the case. Wausau's claim for Attorney Fees against Redlands also does not comply with FRCP 54 as it does not state the statute, rule or other ground entitling movant to the award, does not state the amount or a fair estimate of the attorney fee owed, and does not disclose the terms of any agreement about fees for the services for which the claim is made. Thus, as Wausau's Complaint does not state a justiciable legal or factual basis for an award for Attorney's Fees against Redlands, paragraph 17 requesting Attorney fees from Redlands should be stricken from the Complaint.

WHEREFORE based upon the foregoing, Defendant, Redlands, respectfully requests this Honorable Court to enter an order granting Redlands Christian Migrant Association Inc. Motion to Strike Plaintiff's Attorney Fee claim or any other relief this Honorable Court deems just and proper.

Date: November 26, 2019

/s/ Keith M. Hanenian
Keith M. Hanenian, Esq.
Florida Bar No.: 873225
THE LAW OFFICE OF KEITH M. HANENIAN, PA
P.O. Box 21268
Tampa, FL  33622
Phone:  813-283-9907
Fax:    813-436-5241
keith@hanenianlaw.com
***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the counsel Michael R. Morris, Attorney for Employers Insurance Company of Wausau, michael@morris.law, 777 South Flagler Drive Ste. 800- West Tower, West Palm Beach, Florida 33401.

    /s/ Keith M. Hanenian
**Certifying Attorney**