UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

        Plaintiffs,

    v.                         Case No.:  2:19-cv-491-SPC-NPM

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION INC.,

        Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court are Defendant Redlands Christian Migrant Association Inc.'s Amended Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Motion to Strike Claim for Attorney's Fees (Doc. 13) and Plaintiff Employers Insurance Company of Wausau (EICW)'s amended response (Doc. 24).

This case is about allegedly unpaid insurance premiums.  EICW first sued Redlands on September 7, 2018, in Case No. 2:18-cv-601-JES-MRM.  Redlands timely filed an answer and a counterclaim.  EICW failed to answer the counterclaim, even after Judge John Steele ordered them to show cause why he should not enter default.  The Clerk entered a default on Redland's counterclaim, but Judge Steele granted EICW's motion to set the default aside.  EICW continued to miss deadlines and ignore Judge Steele's orders, and Judge Steele eventually dismissed the case without prejudice for

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

failure to prosecute.[2]  On July 17, 2019, EICW filed the Complaint in this case and sent Redlands a Notice of Lawsuit and Request to Waive Service of a Summons.  EICW never heard back and eventually served Redlands on November 13, 2019—119 days after filing the Complaint.

Redlands moved to dismiss, arguing EICW missed the 90-day window to serve the Complaint under Fed. R. Civ. P. 4(m) and no good cause exists to extend the time for service.  EICW finally responded two months later, blaming Redlands for the delay.  In the meantime, the Court has entered three orders relating to EICW's failure to meet deadlines.

EICW did not serve Redlands within 90 days of filing the Complaint, so the key issue is whether the Court should extend the time for service.  Rule 4 states, "if a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  FED. R. CIV. P. 4(m).  Good cause only exists where an outside factor, "such as reliance on faulty advice, rather than inadvertence or negligence," prevents timely service.  *Lepone-Dempsey v. Carroll Cty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).

EICW gives two reasons for its failure to timely serve Redlands.  First, it points the finger at Redlands for not responding to the waiver of service.  EICW does not cite any

---

[2] The dismissal came after EICW failed to timely file a Case Management Report, then ignored two orders to show cause why the case should not be dismissed for failure to prosecute.  EICW now argues that the case should not have been dismissed because it did respond to the Court's order.  But that response was to an order regarding EICW's failure to timely respond to Redlands' motions.  EICW never responded to Judge Steele's orders to show cause.

cases to support the contention that this constitutes good cause, and the Court has found none. Second, EICW complains that Redlands' registered agent was not available for service during the hours mandated by Fla. Stat. § 48.091(2). While that would be good cause in some situations, it is not here. EICW's Return of Service shows that its process server did not receive the Complaint and Summons until October 25, 2019, ten days after the 90-day period had run. The unavailability of Redland's registered agent thus did not cause EICW to miss the deadline. And given EICW's consistent failure to meet deadlines, the Court will not extend the time for service.

Accordingly, it is now

**ORDERED:**

Defendant Redlands Christian Migrant Association Inc.'s Amended Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Motion to Strike Claim for Attorney's Fees (Doc. 13) is **GRANTED**.

(1) Employers Insurance Company of Wausau's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) The Clerk is **DIRECTED** to terminate all deadlines and motions, enter judgment, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record